<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0605V

| | |
|---|---|
| BONNIE MCCLELLAND,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2025 |

*John Robert Howie, Howie Law, PC, Dallas, TX,* for Petitioner.

*Dorian Hurley, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 18, 2024, Bonnie McClelland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine received on September 16, 2022. Petition at 1. On April 30, 2025, I issued a decision awarding compensation to Petitioner following briefing and Expedited Motions Day argument by the parties. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,414.95, representing the following subtotals:

1) $625.58 for attorney's fees based upon work performed by attorney Kirk Claunch at his firm Claunch Law;

2) $29,674.80 for attorney's fees based upon work performed at Petitioner's counsel's law firm Howie Law, P.C.; and

3) $1,114.57 for attorney's costs incurred by Howie Law, P.C.

Petitioner's Motion for Attorneys' Fees and Costs, filed May 12, 2024, ECF No. 34. In accordance with General Order No. 9, Petitioner's counsel represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 10. The next day, Petitioner filed the billing records for time spent by Mr. Howie which were mistakenly omitted when the motion was filed. ECF No. 35

Respondent reacted to the motion on May 27, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 36. The same day, Petitioner filed a cursory reply. ECF No. 37.

The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding damages. *See* Petitioner's Motion for Ruling on the Record on Damages, filed Oct. 22, 2024, ECF No. 19; Petitioner's Reply Brief, filed Dec. 22, 2024, ECF No. 27; Minute Entry, dated Apr. 30, 2025 (for April 30, 2025 expedited hearing). Petitioner's counsel expended approximately 9.7 hours drafting the damages brief and 5.9 hours drafting the reply damages brief, for a combined total of 15.6 hours. ECF No. 35-1 at 3. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs for all but expenses of $3.90 for copying and $3.54 for postage. ECF No. 34-3. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 36. I have reviewed these costs and will reimburse them all - including the substantiated costs.

2

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$31,414.95, representing the following subtotals:**

**1)     $625.58 for attorney's fees based upon work performed by attorney Kirk Claunch at his firm Claunch Law;**

**2)     $29,674.80 for attorney's fees based upon work performed at Petitioner's counsel's law firm Howie Law, P.C.; and**

**3)     $1,114.57 for attorney's costs incurred by Howie Law, P.C.,**

**to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.